IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31353-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CASEY R. ROBERTSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Casey Robertson appeals the court's decision to impose legal financial obligations (LFOs) after a jury found him guilty of vehicular assault. Since there are at most $200 of discretionary LFOs involved in this case and the trial court conducted an inquiry into Mr. Robertson's ability to pay, we decline to exercise our discretion to review this unpreserved issue. The judgment is affirmed.

FACTS

Mr. Robertson was sentenced December 12, 2012. Both parties briefed the financial obligation question prior to sentencing. The State requested the court assess a $2,500 dollar fine, attorney fees, court costs, the crime victim assessment, and a DNA fee. Clerk's Papers (CP) at 36. Mr. Robertson requested work release, noting that his fiancé was pregnant, and that he would soon be a father. Specifically, he argued: "It is anticipated that Robertson will have to work to support himself, the baby, and the mother.

It is anticipated that Robertson will qualify for work release." CP at 39. The defense brief does not otherwise comment on the proposed LFOs.

During the sentencing hearing, the court and counsel discussed the imposition of the fine and the LFOs. In discussing the proposed fine, counsel for Mr. Robertson argued against it, noting that "the $500 penalty assessment and the other court costs get up to 8 or $900, typically," which "is a lot for a gentleman who is not working." Report of Proceedings (RP) at 251. Mr. Robertson's counsel also spoke of Mr. Robertson's work prospects: "He is trying to get a job. He's a member of the union." *Id.* Counsel also noted that Mr. Robertson has been unable to make payments on the $600 he owes for his past felony conviction from 2007. RP at 252.

Mr. Robertson himself spoke at his sentencing hearing. He indicated that he now has assistance through TANF.[1] RP at 255. In discussing his work prospects, the following exchange occurred between him and the court:

> THE DEFENDANT: . . . Work is hard right now through the union. Apparently I'm on call. I'm supposed to get some sort of work not tomorrow, but some time [sic] next month. They said it's supposed to pick up at the beginning of 2013. I have been going to Work First program 32 hours a week. If I don't get called back for the union, I can definitely find some sort of work. I do have a lot of work history. I've done a lot of work in my time, I've lived all over, I do have a lot of experience in work. That's basically all I have.

---

[1] TANF stands for Temporary Assistance for Needy Families, and provides benefits for pregnant woman and parents, who are in need of financial assistance.

THE COURT: But you are not actually working, I gather.
THE DEFENDANT: Currently no, I am not working. I was laid off.
A lot of people got laid off the day I got laid off.

RP at 255-256. The court ultimately rejected work release and sentenced Mr. Robertson

to nine months in jail. The court also ordered he pay the following LFOs: a $500 victim

assessment fee, a $100 DNA collection fee, and $200 in "court costs." RP at 260; CP at

47. The court waived attorney fees. RP at 260. The court ordered the defendant pay $25

a month toward the LFOs beginning on August 5, 2013.

The written judgment and sentence contains the LFOs discussed above. In the line

where the court listed the amount for "court costs," the court referenced the following

statutes: "RCW 9.94A.760, 9.94A.505, 10.01, .160[sic], 10.46.190." CP at 47. The

court did not reference RCW 36.18.020, nor did it break down the court costs further. CP

at 47. With regard to ability to pay, the judgment and sentence included the following

language:

> **Legal Financial Obligations/Restitution.** The court has considered the
> total amount owing, the defendant's past, present and future ability to pay
> legal financial obligations, including the defendant's financial resources
> and the likelihood that the defendant's status will change. (RCW
> 10.01.160). The court makes the following specific findings.

CP at 44. The court did not list specific findings. Mr. Robertson did not object to the

imposition of the LFOs.

Mr. Robertson timely appealed to this court. Our commissioner granted his motion

to stay the appeal pending the Washington Supreme Court's decision in *State v. Blazina*,

182 Wn.2d 827, 344 P.3d 680 (2015). After that decision issued, Mr. Robertson filed a supplemental brief. A panel of this court considered the matter without oral argument.

ANALYSIS

Mr. Robertson argues that we should consider his argument and that, if we do, we should reverse the LFO award. The parties and the trial court gave the matter consideration at sentencing. In light of the small amount of discretionary LFOs imposed, if any at all, we decline to consider the issue.

Appellate courts review a decision on whether to impose LFOs for abuse of discretion. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116 (1991). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The trial court's factual determination concerning a defendant's resources and ability to pay is reviewed under the "clearly erroneous" standard. *State v. Bertrand*, 165 Wn. App. 393, 403-404, 267 P.3d 511 (2011); *Baldwin*, 63 Wn. App. at 312.

RCW 10.01.160(3) states:

> The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

The statutory inquiry is required only for *discretionary* LFOs. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (mandatory fees, which include victim restitution,

4

victim assessments, DNA fees, and criminal filing fees, operate without the court's discretion by legislative design); *State v. Kuster*, 175 Wn. App. 420, 424, 306 P.3d 1022 (2013) (victim assessment and DNA collection fee mandatory). Trial courts are not required to enter formal, specific findings. *Lundy*, 176 Wn. App. at 105.

In *Blazina*, our court concluded that the LFO issue is not one that can be presented for the first time on appeal because this aspect of sentencing is not one that demands uniformity. *Blazina*, 182 Wn.2d at 830. To that end, the appellate courts retain discretion whether or not to consider the issue initially on appeal. *Id.* The *Blazina* court then decided to exercise its discretion in favor of accepting review due to the nationwide importance of the general issue concerning LFOs and to provide guidance to our trial courts. *Id.* The court noted that trial judges have a statutory obligation to consider RCW 10.01.160(3) at sentencing and make an individualized determination of the defendant's ability to pay discretionary LFOs. *Id.* at 837.

With these considerations in mind, we now turn to the LFOs imposed in this case. The victim assessment and DNA fee are mandatory LFOs not subject to RCW 10.01.160(3). *Kuster*, 175 Wn. App. at 424. The remaining $200 in "court costs" is ambiguous. In light of its waiver of the attorney fees requested and its decision not to impose a fine, the court may have intended to assess the criminal filing fee, RCW 36.18.020(2)(h), another mandatory fee. *Id.* at 425. However, the judgment and sentence form expressly cites to four other statutes without referencing the filing fee statute.

5

No. 31353-1-III
*State v. Robertson*

This court faced the exact same factual situation in *Kuster*. There the court also imposed $800 in LFOs, with all of them being mandatory other than the same ambiguous "court costs" assessment of $200. There we stated:

> Given the likelihood that the $200 imposed in costs was a mandatory fee and the ample protection for Mr. Kuster's constitutional rights that exist if and when the State takes action to collect the LFOs, we decline to consider this assignment of error further.

*Id.* at 426.

We conclude, as in *Kuster*, that we will not exercise our discretion to hear this issue. The issue was discussed in the briefing and at sentencing and the court was informed of what it needed to consider. In light of the defendant's failure to object to the court's finding of ability to pay, we will not consider the issue under the facts of this case.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

6